Filed 6/5/24  P. v. Winn CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD WINN,<br><br>    Defendant and Appellant. | D082903<br><br>(Super. Ct. No. FSB1501224) |

APPEAL from an order of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Donald Winn, in pro. per.; and Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted Donald Winn of conspiracy to possess phencyclidine (PCP) (Health and Saf. Code, § 11378.5; Pen. Code,[1] § 182, subd. (a)(1)). The jury also found true a gang enhancement under section 186.22, subdivision (b)(1). The court found true serious felony priors (§ 667, subd. (a)) and strike priors under section 667, subdivisions (b)-(i).

The court denied Winn's request to dismiss the strike priors and imposed a total sentence of 35 years to life in prison. The court stayed the term for the gang enhancement.

Winn appealed and this court affirmed the judgment with modification of the fee assessments. (*People v. Winn* (Sept. 19, 2018, D074045) [nonpub. opn.].)

In 2023, Winn filed a nonstatutory "motion for reconsideration" seeking dismissal of the gang enhancement. The trial court found the judgment was final in 2019 and therefore denied the motion without a hearing.

Winn filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel has not identified any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record in the same fashion as we would do in a case controlled by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We advised Winn of his right to file his own brief on appeal. He has filed a short response which does not present any arguable issues for reversal on appeal.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

We discussed the facts of the offenses in our original opinion in this case.  (*People v. Winn*, *supra*, D074045.)  We will not repeat that discussion here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and does not identify any potentially meritorious issues for reversal on appeal. We have exercised our discretion to independently review the record for error. Our review has not discovered any potentially meritorious or arguable issues for reversal on appeal.  In his submission, Winn has not presented any briefing as contemplated by the *Delgadillo* procedure.  Competent counsel has represented Winn on this appeal.

## DISPOSITION

The order denying Winn's post judgment motion for reconsideration is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.

3